AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241                    FILED

# UNITED STATES DISTRICT COURT

for the

**Middle District of Florida**
**Ocala Division**

2023 FEB -3  AM 10: 33

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

|  |  |
|---|---|
| DENNIS HELMER _____ | ) ) ) ) ) ) |
| *Petitioner* | ) |
| v. | ) Case No. 5:23-cv-82 - SPC-PRL |
| | ) *(Supplied by Clerk of Court)* |
| WARDEN J. GUNTHER _____ | ) ) |
| *Respondent* | |

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  **Dennis Charles Helmer**
    (b) Other names you have used:  **N/A**
2.  Place of confinement:
    (a) Name of institution:  **Federal Correctional Complex – Coleman Low**
    (b) Address:  **P.O. Box 1031**
    **Coleman, FL 33521**
    (c) Your identification number:  **61076-018**
3.  Are you currently being held on orders by:
    ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you:  **U.S. District Court for the**
    **District of Minnesota, 300 South Fourth St., Minneapolis, MN 55415**
    (b) Docket number of criminal case:  **No. 0:14-cr-00257 (DSD/SER)**
    (c) Date of sentencing:  **July 7, 2015**
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
maximum or improperly calculated under the sentencing guidelines)

❐ Disciplinary proceedings

❐ Other *(explain)*:

6.  Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:  Federal Bureau of Prisons, P.O. Box 1031,
Coleman, FL 33521

(b) Docket number, case number, or opinion number:  Case No. 0:14-cr-00257 (DSD/SER)

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

Calculation of Earned Time Credits under the First Step Act of 2018

(d) Date of the decision or action:  December 21, 2018 - Current

### Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes          ❐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  Federal Bureau of Prisons

(2) Date of filing:  November 8, 2022

(3) Docket number, case number, or opinion number:  Informal Resolution Form ("BP-8")

(4) Result:  Ignored/No response

(5) Date of result:  N/A

(6) Issues raised:  First Step Act Earned Time Credits were not being calculated
properly.

(b) If you answered "No," explain why you did not appeal:  N/A

8.  **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❐ Yes          ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:

        N/A

        (2) Date of filing:   N/A

        (3) Docket number, case number, or opinion number:   N/A

        (4) Result:   N/A

        (5) Date of result:   N/A

        (6) Issues raised:   N/A

    (b) If you answered "No," explain why you did not file a second appeal:

BOP Staff would not respond to BP-8 or allow Petitioner to appeal to the Warden.

9.    **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ☐ Yes        ☒ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:   N/A

        (2) Date of filing:   N/A

        (3) Docket number, case number, or opinion number:   N/A

        (4) Result:   N/A

        (5) Date of result:   N/A

        (6) Issues raised:   N/A

    (b) If you answered "No," explain why you did not file a third appeal:

BOP Staff would not respond to BP-8 or allow Petitioner to appeal to the Region or Central Office.

10.    **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ☐ Yes        ☒ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☐ Yes        ☒ No     N/A

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court:        N/A

(2) Case number:         N/A

(3) Date of filing:       N/A

(4) Result:              N/A

(5) Date of result:      N/A

(6) Issues raised:       N/A

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
       seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
       sentence?

       ☐ Yes              ☒ No

       If "Yes," provide:

       (1) Name of court:        N/A

       (2) Case number:         N/A

       (3) Date of filing:       N/A

       (4) Result:              N/A

       (5) Date of result:      N/A

       (6) Issues raised:       N/A

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
       conviction or sentence:

       Petitioner is challenging how his sentence is being carried out, calculated,
       or credited by the prison.

11.    **Appeals of immigration proceedings**

       Does this case concern immigration proceedings?

       ☐ Yes              ☒ No

       If "Yes," provide:

       (a)    Date you were taken into immigration custody:       N/A

       (b)    Date of the removal or reinstatement order:         N/A

       (c)    Did you file an appeal with the Board of Immigration Appeals?

              ☐ Yes              ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing:          N/A
(2) Case number:          N/A
(3) Result:          N/A
(4) Date of result:          N/A
(5) Issues raised:          N/A

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                ☒ No

If "Yes," provide:

(1) Name of court:          N/A
(2) Date of filing:          N/A
(3) Case number:          N/A
(4) Result:          N/A
(5) Date of result:          N/A
(6) Issues raised:          N/A

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application:          N/A
(b) Name of the authority, agency, or court:          N/A

(c) Date of filing:          N/A
(d) Docket number, case number, or opinion number:          N/A

(e) Result:          N/A
(f) Date of result:          N/A
(g) Issues raised:          N/A

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The Federal Bureau of Prisons has incorrectly calculated Petitioner's Earned Time Credits under the First Step Act and refuses to apply the credit that he has already earned.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner has earned well over 432 days of Earned Time Credit from the First Step Act. Despite the fact that Petitioner has earned more Earned Time Credit than the BOP is calculating, Petitioner is entitled to immediate release if the BOP applied the credit that is currently calculated. See Memorandum of Law for more information.

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes          ☐ No

**GROUND TWO:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
   N/A

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
   N/A

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**   N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
   N/A

(b) Did you present Ground Four in all appeals that were available to you?
❒ Yes          ❒ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did
   not:   All grounds were presented in appeals available to Petitioner.

### Request for Relief

15. State exactly what you want the court to do:   Petitioner requests that his Petition for a writ
   of habeas corpus be granted, and the BOP be ordered to award him the Earned Time
   Credit he has earned under the First Step Act and release him to supervised release
   and/or RRC/Halfway House placement.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

Jan. 30, 2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: Jan. 30, 2023 _____
                                    *Signature of Petitioner*

                    N/A — Pro'se _____
                                    *Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DENNIS HELMER,                          )
        Petitioner,                     )
                                        )  Case No. _____
v.                                      )           (To be assigned by the Court)
                                        )
WARDEN J. GUNTHER,                      )
        Respondent.                     )
                                        )
------------------------------------------------------------------------

MEMORANDUM OF LAW IN SUPPORT OF
PETITION FOR A
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

COMES NOW, Petitioner, Dennis Helmer, pro se, and files this Writ of
Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Honorable United States
District Court for the Middle District of Florida, Ocala Division. Petitioner
seeks an order directing the Bureau of Prisons ("BOP") to apply First Step
Act ("FSA") Earned Time Credits ("ETC") toward his remaining prison term.
Petitioner is a layman of the law, unskilled in the law, and is proceeding
without the assistance of counsel. Thus, he requests that the Honorable Court
construe this petition as liberally as possible in the interests of justice.
Haines v. Kerner, 404 U.S. 519 (1972).


        In support thereof, Petitioner states as follows:


I.    Standards of Review


        Because Petitioner's challenge to the BOP's calculation of credits is
a challenge to the execution of his sentence, the petition is properly brought
as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the
district court for the district in which Petitioner is in custody. See United
States v. Kinsey, 393 F. App'x 663, 664 (11th Cir. 2010)(per curiam)(noting
that § 2241 "is the appropriate means by which an inmate may challenge the
[BOP's] calculation and execution of his sentence")(citing Bishop v. Reno,
210 F.3d 1295, 1304 n.14 (11th Cir. 2000)).

II.  Relevant Facts and Claims

Petitioner is a federal inmate currently incarcerated at FCC Coleman Low in Coleman, Florida, which is within this district.  On July 7, 2015, the United States District Court for the District of Minnesota sentenced Petitioner to a 150-month term of imprisonment for Mail Fraud, in violation of Title 18 U.S.C. § 1341.  See United States v. Dennis Helmer, No. 0:14-cr-00257 (DSD/SER)(D. Minn. July 7, 2015).

Since August 6, 2015, Petitioner has been committed to the custody of the BOP.  See Exhibit "A", Sentencing Monitoring Computation Data as of 12-28-2022.  However, with 335 days of prior jail credit, Petitioner has been in custody for over 8 years and 5 months.  Id.  This means that Petitioner has served over 78.8% of his statutory sentence and has a statutory release date projected for April 1, 2024.  Id.  Petitioner is eligible for the Elderly Offender Early Release Program and his Elderly Offender Two Thirds date is December 7, 2022.  Id.  Petitioner also has a Home Detention Eligibility Date of October 1, 2023.  Id.  With the passage of the FSA, Petitioner became eligible to earn additional ETC and apply that credit toward early release from incarceration.  Id.

Petitioner requests that the Court order the BOP to apply 10 days of ETC for each 30 days of his confinement between December 21, 2018, when the FSA was signed into law, and November 8, 2022, when his FSA Recidivism Risk Level was "LOW" over two consecutive assessments, based on his completion of Evidence-Based Recidivism Reduction ("EBRR") Programs and Productive Activities.  Petitioner also requests that the Court order the BOP to apply 15 days of ETC for each 30 days of his confinement between November 9, 2022 and the current date based on his completion of EBRR Programs and Productive Activities.

Specifically, Petitioner contends that he is entitled to ETC of 10 days per month, multipled by 47.23 months (1417 days), which is 472 days of ETC. In addition, as of January 23, 2023, Petitioner is entitled to ETC of 15 days per month, multiplied by 2.5 months (75 days), which is 37 days of ETC.  With

the combined 509 days of ETC, Petitioner's Projected Release Date would drop from April 1, 2024 to April 1, 2023. Petitioner would also be eligible for _immediate_ release to Home Confinement and/or a Residential Re-entry Center ("RRC") / Half-way House.

III. Analysis

A.    Exhaustion Requirement

Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015)(quoting Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004)("We agree with the reasoning of our sister circuits and hold that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."). While Santiago-Lugo altered Eleventh Circuit law to the effect that it "is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding", the court also held, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Id. at 474-75.

Simply put, "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one." Id. at 475. A petitioner who has failed to exhaust administrative remedies will find his petition dismissed on those grounds. See, e.g., Villagran v. United States, No. 7:18-cv-0101-LSC-JEO, 2020 WL 3022494, at *2 (N.D. Ala. May 13, 2020), report and recommendation adopted, 2020 WL 3000864 (N.D. Ala. June 4, 2020). Moreover, a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedural defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." Woodford v. Ngo, 548 U.S. 81, 83-84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Exceptions to this exhaustion requirement are available in "extraordinary circumstances" and the petitioner "bears the burden of demonstrating the futility of administrative review." Jaimes v. United States, 168 F. App'x 356, 359 (11th Cir. 2006)(per curiam)(quoting Fuller v. Rich, 11 F.3d 61, 62(5th Cir. 1994)(per curiam)).

"In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules. See Woodford, 548 U.S. at 90-91, (addressing the exhaustion requirement in the Prison Litigation Reform Act)." Davis v. Warden, FCC Coleman-USP 1, 661 F. App'x 561, 562 (11th Cir. 2016)(some internal citations omitted). The BOP has a four-step process for resolving complaints by prisoners. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. Id. § 542.14. If the prisoner is unsatisfied with the Warden's response, he may appeal to the Regional Director. Id. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. Id. § 542.16.

Here, Petitioner concedes that he did not fully exhaust all administrative remedy requests before seeking relief under 28 U.S.C. § 2241. Instead, Petitioner contends that he attempted to comply with the BOP's administrative remedy process, but that BOP staff thwarted his attempts. Petitioner filed and Informal Resolution Form ("BP-8") on November 18, 2022, after he realized that the BOP was not awarding him his 15 days of ETC for each 30 days of his confinement. To this day, Petitioner has not received a response to his BP-8 and it has been pending for over two and a half months. Therefore, the BOP administrative remedy process has not been "available" to Petitioner. See Ross v. Blake, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)(stating that a grievance procedure is unavailable if "it operates as a simple dead end with officers unable or consistently unwilling to provide any relief" and officers thwart inmates from taking advantage of [the] grievance process". Id. at 1859-60. See Exhibit "B", Informal Resolution Form 5.

In addition, the Court may excuse the exhaustion requirement in extraordinary circumstances, such as when the pursuit of administrative remedies would be futile. See, e.g., Jaimes, 168 F. App'x 356; Fuller, 11 F.3d 61. Here, Petitioner asserts that exhaustion would be futile because he has been informed by his Unit Team and the Warden of FCC Coleman Low that the BOP will not apply FSA time credits to Petitioner's release date due to the fact that the FSA ETC calculation system is automatic. Thus, Petitioner

-4-

tried to follow the administrative remedy process, but he did not get a timely response from the BOP and continuing to wait would negatively impact him.

Lastly, the Eleventh Circuit has suggested that exhaustion may be excused where "requiring resort to the administrative may occasion undue prejudice to subsequent assertion of a court action." Shorter v. Warden, 803 F. App'x 332, 336 (11th Cir. 2020)(quoting McCarthy v. Madigan, 503 U.S. 140, 146-47, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)). This occurs when a petitioner can show "irreparable harm if unable to secure immediate judicial consideration of his claim." Id. (quoting McCarthy, 503 U.S. at 147). Petitioner did not fully exhaust his administrative remedies, but he exhausted his available remedies and exhaustion would be futile. Nonetheless, considering Petitioner's immediate release date, balancing the interests favors promptly deciding the issues Petitioner raises over the institutional interests protected by the exhaustion defense.

B.   Merits of First Step Act Earned Time Credit Claim

1.   Authority to Calculate Sentences

The Attorney General, through the BOP, administers inmate sentences. See 18 U.S.C. § 3621(a). The BOP has exclusive jurisdiction to determine sentence credits for inmates in the first instance. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The BOP utilizes extensive policies in this administration. Petitioner alleges that the BOP improperly calculated his sentence.

2.   Calculation of Petitioner's Sentence

According to 18 U.S.C. § 3585(a), as referenced in the BOP Program Statement 5880.28, Sentence Computation Manual ("CCCA of 1984"), a sentence to a term of imprisonment commences on the date the defendant is received in

custody awaiting transportation to the official detention facility where the sentence is to be served. Petitioner was committed to BOP custody on August 6, 2015. Thus, the BOP calculated Petitioner's federal sentence as commencing on August, 6, 2015. Exhibit "A".

The application of prior credit toward a federal sentence is governed by 18 U.S.C. § 3585(b), which states:

> (b)   Credit for prior custody. -A defendant shall be given credit toward the service of a term of imprisonment for any time he has served in official detention prior to the date the sentence commences -
>
> (1)   as a result of the offense for which the sentence was imposed; ... that has not been credited against another sentence.

18 U.S.C. § 3585(b). Because the time Petitioner spent in custody from August 6, 2014, through July 6, 2015, was not credited towards any other sentence, the BOP granted Petitioner 335 days of credit toward his federal sentence for this time period. Exhibit "A".

According to the BOP Program Statement 5880.28, CCCA of 1984, the BOP applies good conduct time ("GCT") in accordance with 18 U.S.C. § 3624(b). The BOP has interpreted this statute to apply GCT only for time served rather than the length of the sentence imposed. See Barber, et al. v. Thomas, et al., 560 U.S. 474, 130 S.Ct 2499, 177 L.Ed.2d 1 (2010)(upholding this interpretation). Prior to the FSA, the BOP would award 54 days of GCT for each year served. On December 21, 2018, the President signed the First Step Act of 2018 into law. See FSA, Public Law 115-391. Prior to the enactment of the FSA, GCT credit was applied only for time actually served, rather than the length of the sentence imposed. The FSA amended 18 U.S.C. § 3624(b), provide for the application of GCT credit "of up to 54 days for each year of the prisoner's sentence imposed by the court[,]" which is a change to the prior law. The amendments to § 3624(b) took affect on July 19, 2019. The changes made to the GCT earnings were made retroactive, but applicable only to sentences not yet satisfied as of July 19, 2019; therefore, any sentence

-6-

satisfied prior to the effective date of the FSA is not eligible to receive additional GCT credits.

Petitioner is currently earning 54 days of GCT and is projected to earn a total of 675 days of GCT. Petitioner currently has no disallowances and has already earned 432 days of GCT. Exhibit "A". This information is directly taken from Petitioner's Sentence Monitoring Computation Data as of 12-28-2022, so the Respondent should not dispute this calculation. Additionally, among several other reforming provisions, the FSA provides an incentive for inmate participation in Evidence-Based Recidivism Reduction ("EBRR") programming, such as classes and productive activities. The FSA calls this incentive Earned Time Credits ("ETC" or "ECT"). To earn these credits, inmates must complete 30 days of pre-approved, qualifying programming, defined as EBRR courses and Productive Activities, to earn 10 days of ETC. This ETC can either be applied to lengthen an inmate's pre-release custody, such as home confinement or half-way house placement, or be applied to early transfer to supervised release, i.e., early satisfaction of the inmate's sentence. To further qualify, inmates must be classified with a Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") risk score of "low" or "minimum".

Under 18 U.S.C. § 3632, the United States Department of Justice ("DOJ") was required to "publish[] the risk and needs assessment system on July 19, 2019". DOJ Press Release, Risk and Needs Assessment System (July 19, 2019). Under 18 U.S.C. § 3621(h)(1), "all inmates in the BOP system received an initial assessment using PATTERN by January 15, 2020". DOJ Press Release, Enhancements to the Risk Assessment System and Updates on First Step Act Implementation (Jan. 15, 2020). Those inmates who successfully "complete[] evidence-based recidivism reduction programming or productive activities...shall earn 10 days of time credits for every 30 days of successful participation". 18 U.S.C. § 3632(d)(4)(A). As the FSA provides, an inmate who is found "to be at a minimum of low risk for recidivating, who, over 2 consecutive assessments, has not increased there risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities". § 3632(d)(4)(A)(ii).

For the purpose of FSA time credit calculations, the BOP has created and implemented an application to fully automate calculation so that staff do not have to manually calculate time credits for each inmate. The start date for Petitioner's FSA calculations is December 21, 2018, the date the FSA was signed into law. As of January 8, 2023, the BOP has calculated that Petitioner has 1479 Accrued Programming Days and 490 days of ETC. See Exhibit "E", FSA Time Credit Assessment. This calculation shows that the 490 days of ETC is divided between 365 days of ETC towards Early Release and 125 days of ETC towards RRC/Half-way House placement. Id. However, Petitioner contends that, not only is this calculation inaccurate, but the BOP is erroneously preventing Petitioner from applying his ETCs towards Early Release.

As Petitioner stated in his Relevant Facts and Claims, he is entitled to 472 days of ETC for his confinement between December 21, 2018, and November 8, 2022. During this time, Petitioner was earning ETC of 10 days per month, as he had a PATTERN risk score of "medium". Petitioner is also entitled to 37 days of ETC for his confinement between November 9, 2022, and at least January 23, 2023. During this time, Petitioner was earning ETC of 15 days per month, as he had a PATTERN risk score of "Low". Thus, the BOP's current calculation of Petitioner's ETC is flawed.

The BOP current calculation shows that Petitioner's PATTERN risk score became "Low" on November 8, 2022. Exhibit "C". This information is incorrect, as Petitioner's PATTERN risk score became "Low" on June 8, 2022. See Exhibit "D", FSA Recidivism Risk Assessment, dated 06-08-2022. On November 8, 2022, Petitioner's PATTERN risk score was still "Low". See Exhibit "E", FSA Recidivism Risk Assessment, dated 01-08-2023. Thus, Petitioner was at a "low risk for recidivating...over 2 consecutive assessments" starting November 8, 2022. § 3632(d)(4)(A)(ii). However, the BOP refuses to apply Petitioner's ETC credits because it incorrectly insists that he has not been at a "low risk for recidivating...over 2 consecutive assessments". Id. Therefore, Petitioner is entitled to his full ETC and the BOP can apply it towards Early Release and RRC/Half-way House Placement.

Based only on the 432 days of GCT applied to Petitioner's sentence as of December 28, 2022, the BOP calculates his projected release date as April 1, 2024. Exhibit "A". Applying the 365 days of ETC from the FSA towards Early Release, Petitioner's Projected Release Date changes to April 1, 2023. Then, applying the 125 days of ETC towards RRC/Half-way House placement, his Home Detention Eligibility Date will change from October 1, 2022, to June 1, 2022. Therefore, Petitioner is entitled to immediate release. If this error is not corrected, Petitioner will have to wait until June 2023, or longer, before his next FSA assessment. This delay will prejudice him by depriving him of credits he has earned. Petitioner has earned his FSA ETCs and they should be awarded to him and reflected in his sentence.

## CONCLUSION

Wherefore, Petitioner requests that his Petition for a writ of habeas corpus be granted, and the BOP be ordered to award him the ETCs he has earned under the FSA and release him to supervised release and/or RRC/Half-way House placement.

Respectfully Submitted,

Jan. 30, 2023
Date

Dennis Helmer
Reg. # 61076-018, Unit C-2
FCC Coleman Low
P.O. Box 1031
Coleman, FL 33521

CERTIFICATE OF SERVICE

I, Dennis Helmer, HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via the United States Postal Service, this 30 day of Jan. , 2023, to:

Clerk of the Court                    Warden J. Gunther
U.S. District Court        and        FCC Coleman Low
207 NW Second Street                  846 N.E. Terrace
Room 337                              Coleman, FL 33521-1021
Ocala, FL 34475-6666

_____
Dennis Helmer

§ 2241 EXHIBITS A to E

Exhibit A p 3

```
COLBL  540*23 *          SENTENCE MONITORING          *    12-28-2022
PAGE 001        *          COMPUTATION DATA            *    09:15:33
                             AS OF 12-28-2022


REGNO..: 61076-018 NAME: HELMER, DENNIS CHARLES


FBI NO...........: 929878JA7          DATE OF BIRTH: 02-03-1961   AGE:  61
ARS1.............: COL/A-DES
UNIT.............: 3 RDAP              QUARTERS.....: C05-066L
DETAINERS........: NO                 NOTIFICATIONS: NO


FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 10-01-2023

THE INMATE IS PROJECTED FOR RELEASE: 04-01-2024 VIA 3621E COND


                  RELEASE AUDIT COMPLETED ON 07-01-2022 BY DSCC
----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: MINNESOTA
DOCKET NUMBER...................: 14-257(DSD/SER)
JUDGE...........................: DOTY
DATE SENTENCED/PROBATION IMPOSED: 07-07-2015
DATE COMMITTED..................: 08-06-2015
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00     $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $1,285,955.60

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 150     FRAUD POSTAL
OFF/CHG: 18:1341 MAIL FRAUD (CT. 1)

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   150 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 06-01-2014




G0002       MORE PAGES TO FOLLOW . . .
```

EXHIBIT A PG 3

```
  COLBL  540*23 *           SENTENCE MONITORING       *    12-28-2022
  PAGE 002        *         COMPUTATION DATA          *    09:15:33
                            AS OF 12-28-2022


REGNO..: 61076-018 NAME: HELMER, DENNIS CHARLES



-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-13-2022 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-02-2016 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-07-2015
TOTAL TERM IN EFFECT............:   150 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   12 YEARS       6 MONTHS
EARLIEST DATE OF OFFENSE........: 06-01-2014

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    08-06-2014     07-06-2015

TOTAL PRIOR CREDIT TIME.........: 335
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 675
TOTAL GCT EARNED................: 432
STATUTORY RELEASE DATE PROJECTED: 04-01-2025
ELDERLY OFFENDER TWO THIRDS DATE: 12-07-2022
EXPIRATION FULL TERM DATE.......: 02-05-2027
TIME SERVED.....................:    8 YEARS       4 MONTHS    23 DAYS
PERCENTAGE OF FULL TERM SERVED..: 67.1
PERCENT OF STATUTORY TERM SERVED: 78.8

3621E COMPLETE RESIDENT PROGRAM.: 01-19-2023
3621E COMPLETE COMMUNITY PROGRAM: /
3621E RELEASE DATE..............: 04-01-2024







G0002      MORE PAGES TO FOLLOW . . .
```

EXHIBIT A 3 of 3

```
   COLBL  540*23 *          SENTENCE MONITORING          *   12-28-2022
PAGE 003 OF 003 *          COMPUTATION DATA             *   09:15:33
                            AS OF 12-28-2022

REGNO..: 61076-018 NAME: HELMER, DENNIS CHARLES


PROJECTED SATISFACTION DATE.....: 04-01-2024
PROJECTED SATISFACTION METHOD...: 3621E COND

REMARKS.......: 8-2-16:UPDTD RESTITUTION.T/DJK.
                03-17-20 FSA UPDATE T/LGG; 5-13-22 764 T/TNN;
```

```
   G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

My Copy Delivered To Case Mgr. at 2

Team on Nov. 18 2022

COC 133(
August 7
Attachm

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: Bureau of Prisons Program Statement 1330.16 requires that except as provided in 542.13(b) an inmate shall first
an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate for
be used for each issue.
**************************************************************************************************************************
INSTRUCTIONS: Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not inf
resolved.

Helmer, Dennis                61076-018    C2#66              [signature]
Inmate Name                   Register No.    Qtrs./Unit       Inmate Signature

1. Specific complaint (one 8½" x 11" continuation page may be attached):
I would like all of my First Step Act Credits,
as I have now had 2 consecutive assessments
at "Low" PATTERN risk score.

2. What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?
I have already spoke to the DAP-C, DTS, Pearson,
Case Manager, Unit Manager the A.W., and the warden.

3. What action does the inmate wish to be taken to correct the issue?
I would like my FSA earned time credits
reapplied so that I can be released Jan. 20, 2023.

Correctional Counselor's Comments (including actual steps taken to resolve):

_____

_____

_____

_____

_____

_____

Correctional Counselor _____    Date _____    Staff Circle One:

Unit Manager's Review                                    Informally Resolved    Not Informally Resolved

Unit Manager _____    Date _____

Distribution by Correctional Counselor:

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned | BP-9 Delivered to to Counselor | Admin Remedy Clerk |
|---|---|---|---|---|---|---|
| Date: | | | | | | |
| Time: | | | | | | |
| Counselor: | | | | | | |

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

*Exhibit B 2of 2*

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) A.W. Waycastor | DATE: Jan 3rd 2023 |
|---|---|
| FROM: Helmer, Dennis | REGISTER NO.: 61076-018 |
| WORK ASSIGNMENT: RDAP | UNIT: C2 #66L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

My FSA Time credits were awarded
July 4th 2022, Then subtracted
for Parenting Class Refusal on 10/9/22
Assessed as NO Need 11/08/22
Family/Parenting NO Need 11/08/22
Will transition RDAP 1/19/23
Elderly 2/3 Date of 12/07/22
I am 61 yrs of age.
Please help restoral of FSA credits + consideration of
Elderly 2/3rds Date Release

DISPOSITION:

Returned to me
On Tue. Jan 10th 2023
by UnitMgr. Ms. Juarbe
stating I need to have
Low pattern @ 3rd team in May to
get FSA's!

---

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

♻ Printed on Recycled Paper

EXHIBIT C

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:61076-018, Last Name:HELMER

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Register Number: 61076-018                 Risk Level Inmate....: R-LW
Inmate Name                                   General Level......: R-LW (24)
    Last.........: HELMER                     Violent Level......: R-LW (10)
    First........: DENNIS                  Security Level Inmate: LOW
    Middle.......: CHARLES                 Security Level Facl..: LOW
    Suffix.......:                         Responsible Facility.: COL
Gender.........: MALE                      Start Incarceration..: 07/07/2015

**PATTERN Worksheet Summary**

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 61 | 0 | 0 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 29 | 40 | 15 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 2 | 2 | 4 |
| Education Score | HighSchoolDegreeOrGED | -2 | -2 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 1 | 1 | 1 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | 22 | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 5 | -9 | -3 |
| Work Programs | 2 | -2 | -2 |
| | Total | 24 | 10 |

2nd Team @ Low

*Exhibit D*

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)
### Register Number:61076-018, Last Name:HELMER

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 61076-018 | Risk Level Inmate...: R-LW |
| Inmate Name |   General Level......: R-LW (24) |
|   Last.........: HELMER |   Violent Level......: R-LW (10) |
|   First........: DENNIS | Security Level Inmate: LOW |
|   Middle.......: CHARLES | Security Level Facl..: LOW |
|   Suffix.......: | Responsible Facility.: COL |
| Gender.........: MALE | Start Incarceration..: 07/07/2015 |

**PATTERN Worksheet Summary**

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 61 | 0 | 0 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 29 | 40 | 15 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 2 | 2 | 4 |
| Education Score | HighSchoolDegreeOrGED | -2 | -2 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 1 | 1 | 1 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | 17 | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 5 | -9 | -3 |
| Work Programs | 2 | -2 | -2 |
| | | Total   24 | 10 |

*Pattern*
*39 + under*
*is Low*

*Turned C | Feb.3, 22*
*-7 points to 0*

*1st Team @ Low   Previous Team*
*Jan. 2022 (Medium)*

**FSA Time Credit Assessment**

Register Number:61076-018, Last Name:HELMER

Exhibit I

| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
|---|---|

| | |
|---|---|
| Register Number....: 61076-018 | Responsible Facility: COL |
| Inmate Name | Assessment Date.....: 01-08-2023 |
|    Last.............: HELMER | Period Start/Stop...: 12-21-2018 to 01-08-2023 |
|    First............: DENNIS | Accrued Pgm Days....: 1479 |
|    Middle...........: CHARLES | Disallowed Pgm Days.: 0 |
|    Suffix...........: | FTC Towards RRC/HC..: 125 |
| Gender.............: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 07-07-2015 | Can Apply FTC.......: No |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 01-08-2023 | accrue | 1479 |

  **Cannot apply FTC**

| Facility | Category | Assignment | Start | | Stop |
|---|---|---|---|---|---|
| COL | FSA | R-LW | 11-08-2022 | 0915 | CURRENT |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 01-08-2023 | accrue | 1479 |

  Accrued Pgm Days...: 1479
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 490